UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE BUTTE, | No. 2:16-cv-02974 AC P |
| Petitioner, | |
| v. | <u>ORDER</u> and |
| SOLANO COUNTY JAIL MENTAL HEALTH HOSPITAL; STATE OF CALIFORNIA, DEPARTMENT OF STATE HOSPITALS, | <u>FINDINGS AND RECOMMENDATIONS</u> |
| Respondents. | |

Petitioner is a Solano County Jail detainee who proceeds pro se with the assistance of another prisoner. Petitioner has filed a petition for a writ of habeas corpus together with an incomplete application to proceed in forma pauperis. This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c).

It is unclear whether petitioner is seeking relief under 28 U.S.C. § 2254 or 28 U.S.C. § 2241. However, under either construction, this court is without jurisdiction to consider the matters petitioner challenges.

Petitioner challenges his ongoing detention in county jail, apparently as a pretrial detainee, despite a state court decision that petitioner should be transferred to a state mental hospital. The petition states in part, ECF No. 1 at 5, 8:

1

> Jesse Butte is incompetent to stand trial and [is] still in county jail. He is sentenced to state hospital because he recently cut tumors from his own body then swallowed the razor blade yet he sits in county jail and needs to be emergency placed into state hospital. Solano County Jail illegally houses Jesse Butte because he is awaiting state hospital placement.  Solano County Jail mental health staff fails to report urgency/emergency . . . . He is sentenced to Napa State Hospital but Solano County Jail refuses to place him there by neglecting him and neglecting to call Napa State Hospital and inform them of him cutting himself.

Federal habeas relief under § 2254 is available to "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  In the present case, it appears that there has been no state court judgment of conviction and sentence that petitioner can challenge in this court.  Nor does petitioner challenge the putative county or state court order transferring him to a state mental hospital.  Rather, petitioner seeks immediate implementation of that order, which would maintain his custodial status and fails to allege a violation of federal law.

Federal habeas relief under § 2241 is more broadly available to challenge one's custody, however achieved, on the ground that it is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  Again, in the present case, it appears that petitioner is merely attempting to achieve implementation of the county or state transfer order, while maintaining his custodial status, and thus does not assert a violation of federal law.

Therefore, under either construction, this court is without jurisdiction to consider the instant petition.  Petitioner is advised to pursue relief in the state courts, e.g., to file a petition for immediate relief in the Solano County Superior Court.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a district judge to this action.

Further, IT IS HEREBY RECOMMENDED that:

1. The instant petition for writ of habeas corpus be dismissed for lack of jurisdiction, see Rule 4, Rules Governing § 2254 Cases; and

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge

1 | assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
2 | after being served with these findings and recommendations, petitioner may file written
3 | objections with the court.  Such document should be captioned "Objections to Magistrate Judge's
4 | Findings and Recommendations."  Petitioner is advised that failure to file objections within the
5 | specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
6 | F.2d 1153 (9th Cir. 1991).
7 | DATED: December 22, 2016

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE